IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.                                  CIVIL ACTION NO. 1:07CV29
                                    (Judge Keeley)

DANNY J. SHINGLETON and
SUSAN D. SHINGLETON,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

I. Introduction

    This is a declaratory judgment action brought by the plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") to declare its rights and obligations in relation to under-insured motorist ("UIM") coverage offered to the defendants, Danny J. Shingleton and Susan D. Shingleton ("the Shingletons"). In an underlying state circuit court case, the Shingletons have claimed that their automobile insurance policy issued by State Farm should include UIM coverage, even though State Farm has produced a waiver of UIM and uninsured motorist ("UM") coverage signed by the Shingletons.

    On May 4, 2007, the Singletons filed a motion to dismiss (dkt. no. 9), in which they argue that this Court should abstain from exercising its jurisdiction in this case because the identical issue is under consideration in a parallel state court proceeding.

On May 21, 2007, State Farm responded to this motion (dkt. no. 11), arguing that it has satisfied the factors under <u>Nautilus Insurance Co. v. Winchester Homes, Inc.</u>, 15 F.3d 371, 376 (4th Cir. 1994) ("<u>Nautilus</u>"), and that this Court, consequently, should deny the Shingletons' motion to dismiss. State Farm later filed a supplemental response on August 7, 2007 (dkt. no. 13). The Shingletons never replied to State Farm's argument. The time for filing a reply has passed, and, as explained below, the Court **DENIES** the Shingletons' Motion to Dismiss.

## II. Facts of the Case

On or about October 21, 2003, Susan Shingleton was involved in an automobile collision in Harrison County, West Virginia, with a drunk driver named Robert Showen. The Shingletons later filed suit in state court against a number of defendants, including Robert and Barbara Showen (the "Showens"), the Time Out Bar & Grill LLC ("Time Out Bar"), Randy Elliott, Joseph Toothman Jr., Marlene Toothman, and Erica Lipscomb. After settling with several of these defendants, the Shingletons amended their complaint to add as defendants State Farm and Tom Tallman, individually and as an agent of State Farm. Although this Court does not have a copy of the state court complaint, from the pleadings filed here it appears that the Shingletons are claiming that the negligence of the Showens, Time Out Bar, Randy Elliott, Joseph Toothman, Jr., Marlene Toothman, and Erica Lipscomb caused Susan Shingleton's injuries. Their state court claim against State Farm appears to be for a

violation of W.Va. Code § 33-6-31d (the statute governing UIM/UM coverage). The claim against Tom Tallman is apparently for professional negligence.

Susan Shingleton was severely injured in the accident with the Robert Showen. Her actual medical expenses exceed $146,000. The Shingletons have resolved all claims against the Showens and Hartford Insurance Company for their coverage limit of $100,000. They have also resolved all claims against Erica Libscomb and Westfield Insurance for her coverage limits of $100,000. Because the $200,000 they have so far recovered has not made them whole, however, the Shingletons are seeking to recover under their own insurance policy through State Farm. Whether that policy provides uninsured and underinsured motorist coverage to the Shingletons is the issue the Court must decide.

State Farm contends that the Shingletons signed waivers of UIM and UM coverage at the time they purchased their policy of insurance. It further asserts that, although the Shingletons' policy was changed twice to address changes in vehicles, no change in coverage or liability occurred on either occasion. It concedes that it offered no new UIM or UM waiver form to the Shingletons, but contends that under West Virginia law it need not have done so.

III. Analysis

Pursuant to 28 U.S.C. 2201, *et seq.*, State Farm seeks a declaration determining its rights and obligations under the Shingletons' insurance policy. Jurisdiction is proper under § 1332

because the parties are completely diverse and the amount in controversy exceeds $75,000. Venue is proper under § 1391. Count 1 asks the Court to declare that State Farm made a commercially reasonable offer of UIM coverage to the Shingletons, and Count 2 seeks a declaration that the Shingletons knowingly and intelligently rejected UIM coverage as part of their policy.

The Shingletons urge this Court to abstain from exercising its jurisdiction in this case because a parallel proceeding exists in state court in which they have alleged that State Farm failed to offer them UIM coverage as required by West Virginia law. That, of course, is the reverse side of the claim that State Farm is seeking to adjudicate here.

A. *Applicable Case Law*

It is axiomatic that "the discretion to grant or refuse the declaratory relief is a [matter of] judicial discretion, and must find its basis in good reason, and is subject to appellate review in proper cases." <u>Aetna Casualty & Surety Co. v. Quarles</u>, 92 F.2d 321, 324 (4th Cir. 1937).[1]

The Shingletons rely on the case of <u>Mitcheson v. Harris</u>, 955 F.2d 235, 240-41 (4th Cir 1992), in which the Fourth Circuit held that a district court should have abstained from hearing a case because of the presence of a parallel state court proceeding.

---

[1] A federal district court should normally exercise jurisdiction over the declaratory judgment action when the case "will serve a useful purpose in the clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." <u>Quarles</u>, 92 F.2d at 325.

Under Mitcheson, a court should focus on the three factors of federalism, efficiency and comity when determining whether to abstain. Id. at 239.

Two years after Mitcheson, in the seminal case of Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir 1994), the Fourth Circuit held that a district court should have heard a declaratory judgment action brought by an insurer claiming its policy did not cover liability claims against its insureds. Id. at 380-81.

Nautilus established a four-factor test for district courts in the Fourth Circuit to follow when determining whether to abstain from a declaratory judgment action when a state action is pending. Id. at 377. These factors include:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts, (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending, (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law," and . . . [iv] whether the declaratory judgment action is being used merely as a device for "procedural fencing"-that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

Id. (citations omitted).

Four years after Nautilus, in United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492-93 (4th Cir 1998), the Fourth Circuit held that a non-diverse agent of an insurance company may be joined in a declaratory judgment action without destroying diversity

subject matter jurisdiction. After considering the four <u>Nautilus</u> factors, it concluded that the district court need not abstain from hearing a commercial property insurer's declaratory judgment action in favor of the insureds' later-filed state court suit for breach of contract and negligence against the insurer and the insureds' brokers. <u>Id.</u> at 494.[2]

B. *First <u>Nautilus</u> Factor*

Pursuant to <u>Nautilus</u>, the Court should first consider the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts. 15 F.3d at 377. Under this factor, the state interest is important enough to warrant abstention when an issue is so complex or novel that the state would rather settle the law on the issue itself. <u>Id.</u> at 379.

In this case, the issue of state law is clear, well-settled and easily applied. The only question of West Virginia law raised is when does a change in a policy rise to the level of requiring that UIM/UM coverage be re-offered by an insurer? In Syl. Pt. 7, <u>Burrows v. Nationwide</u>, 600 S.E.2d 565 (W. Va. 2004), the West Virginia Supreme Court of Appeals decided that UIM/UM coverage has to be re-offered only when the policy's liability coverage limits

---

[2]In a supplemental memorandum, State Farm also cited a recent order denying a motion to dismiss by United States Magistrate Judge Mary E. Stanley of the Southern District of West Virginia, <u>Admiral Insurance Company v. Independence Coal Company, Inc.</u>, civ. dkt. no. 2:06-00646. The Court notes that the analysis set forth in Magistrate Judge Stanley's order is completely consistent with the case law discussed here.

change. It held that "[t]he statute is unmistakably clear with regard to identifying which events trigger an insurer's duty to make an offer of underinsured motorists coverage and that those statutorily defined events are the only circumstances which trigger an insurer's statutory duty to offer such optional insurance." Id. at 572. The first Nautilus factor, therefore, favors denying the Shingletons' motion to dismiss because this Court would have no difficulty applying the settled state law to the facts in this case.

C. *Second Nautilus factor*

The second Nautilus factor considers whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending. 15 F.3d at 377. Nautilus notes that the United States Supreme Court has directed district courts to focus primarily on "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding[s]" that are already "pending in the state court [s]." Id. at 378. It also noted that

> this in turn requires careful inquiry into the scope of the pending state court proceeding[s], including such matters as whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding.

Id. at 378-79.

The Shingletons' claims relating to UIM/UM coverage can be decided in this action alone. As State Farm notes, any judgment in

federal court necessarily excludes the claim against Tallman in the state action. Therefore, he need not be joined in the instant action.

Although the Shingletons have amended their complaint in the underlying action to include State Farm (notably *after* this suit was filed), their claims against State Farm and Tallman are separable. Under <u>Mitcheson</u>, a federal court should not entertain a declaratory action when the result would not settle the entire controversy. 955 F.2d at 239. Here, however, the entirety of the controversy between the Shingletons and State Farm involves the question of whether State Farm properly offered UIM/UM coverage to the Shingletons. Thus, because the Court can decide this entire controversy without reference to the state court case, the second <u>Nautilus</u> factor strongly favors denying the defendants' motion to dismiss.

D. *Third Nautilus factor*

Under the third <u>Nautilus</u> factor, a federal court should weigh whether permitting the federal action to go forward would unnecessarily "entangle" the federal and state court systems because of the presence of "overlapping issues of fact or law." 15 F.3d at 377. Both <u>Nautilus</u> and <u>Mitcheson</u> involved individuals being sued in the underlying state action whose insurance companies were attempting to escape liability for their insureds' mistake or negligence. 15 F.3d at 372-73; 955 F.2d 235-36. Here, however, State Farm is attempting to determine whether the Shingletons are

entitled to UIM/UM benefits under their policy. Liability is irrelevant to the outcome of that dispute. UIM/UM benefits, if they exist, are available regardless of any fault of the Shingletons for the accident giving rise to their UIM claim. This Court, therefore, need not analyze any issue of liability raised in the underlying tort action and, thus, will not become entangled with the state court's rulings if it addresses the coverage question raised by State Farm. Therefore, this element also favors denying the Shingletons' motion to dismiss.

E. *Fourth Nautilus Factor*

Under the fourth Nautilus factor, a party may not file a declaratory judgment action merely as a device for procedural fencing. 15 F.3d at 377. The Shingletons assert that this Court should follow the holding in First Financial Ins. Co. v. Crossroads Lounge Inc., 140 F.Supp.2d 686, 699 (S.D.W.Va. 2001) ("First Financial"), in which the district court abstained from asserting jurisdiction in a declaratory judgment action brought by a plaintiff insurance carrier also named as a defendant in an underlying state claim. The facts in First Financial are inapposite to those in this case, however; unlike the insurance company in First Financial, State Farm was not a defendant a parallel state court case at the time it filed the instant action. Thus, the holding in First Financial is distinguishable and is not compelling precedent.

The Shingletons argue that there is persuasive precedent from

the Ninth Circuit disfavoring an insurance company's preemptive suit in federal court. See <u>Transamerica Occidental Life Ins. Co. v. DiGregorio</u>, 811 F.2d 1249, 1254 n.4 (9th Cir 1987). They also point out that, in <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 18 n.20 (1983), the Supreme Court suggested that the "defensive" or "reactive" nature of a federal declaratory judgment suit could be a ground for abstention.

Courts certainly should not favor preemptive suits and races to the federal courthouse. In the instant case, the Shingletons have known about State Farm's stance on the UIM/UM coverage issue since a day or two after the accident occurred, when State Farm first denied such coverage. It is unclear why they failed to press the issue in the underlying state court action until after State Farm filed its suit here, nearly 1 1/2 years later. It is also unclear why, other than for its own procedural fencing purposes, State Farm chose to file this action in federal court when it was already aware of litigation involving the Shingletons in state court. Both the Shingletons and State Farm, thus, have engaged in procedural fencing and the fourth <u>Nautilus</u> factor, therefore, does not favor either party.

IV. Conclusion

Because three of the four <u>Nautilus</u> factors favor this Court's exercise of jurisdiction and the fourth factor is neutral, the Court **DENIES** the Shingletons' motion to dismiss (dkt. no. 9).

It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to counsel of record and all appropriate government agencies.

DATED: November 8, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE